IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, | )<br>)<br>) |
| Petitioner, | )<br>) Civ. No. _____ |
| v. | )<br>) |
| BRENT HESSELINK, | )<br>) |
| Respondent. | ) |

PETITION FOR ORDER COMPELLING ARBITRATION

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, Petitioner American Family Life Assurance Company of Columbus ("Aflac" or the "Company") hereby respectfully petitions the Court to enter an order compelling Respondent Brent Hesselink ("Respondent") to submit any and all claims that he has against Aflac to binding arbitration—on an individual, non-class, non-collective, non-representative basis—pursuant to the terms of the arbitration provision and valid collective action waiver contained in the arbitration agreement that Respondent entered into with Aflac. Aflac further respectfully asks the Court to enter an order enjoining Respondent from further prosecuting the claims that he has already asserted against Aflac under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), on behalf of himself and a putative class of allegedly aggrieved plaintiffs, in the Superior Court of the State of California for the County of Orange, Case No. 30-2020-01161586-CU-OE-CXC (the "State Court Action").

The basis for the Court's jurisdiction over this matter, as well as the grounds for the relief requested herein, are fully set forth in the accompanying Memorandum of Law in Support of

Aflac's Petition.[1] Put simply, Respondent entered into a valid and enforceable arbitration agreement with Aflac, which includes a collective action waiver, and he has breached that agreement by filing individual and collective claims against Aflac in the State Court Action that are unquestionably within the scope of claims Respondent agreed to submit to and adjudicate in binding individual arbitration. As the United States Supreme Court has recently made clear, Respondent's individual PAGA claims are subject to his arbitration agreement like any other claim, and he lacks standing to pursue his representative PAGA claims in court even notwithstanding his contractual waiver of his right to participate in a collective action against the Company.

Because Respondent is failing and refusing to honor his promise to arbitrate, Aflac is exercising its express right under the subject agreement, Section 4 of the FAA and applicable case law from the United States Supreme Court to petition this Court for an order enforcing Respondent's arbitration agreement with Aflac.

WHEREFORE, Aflac respectfully requests that the Court enter an Order:

(1) compelling Respondent to submit any claims he has against Aflac arising out of or relating in any way to his contractual relationship with Aflac—including the individual PAGA claims he has asserted in the State Court Action—to binding arbitration, on an individual basis, pursuant to the terms of Respondent's arbitration agreement with Aflac; and

(2) enjoining Respondent from further breaching his arbitration agreement with Aflac by continuing to prosecute – without standing – the collective PAGA claims he has asserted against Aflac on behalf of a putative class of allegedly aggrieved plaintiffs in the State Court Action.

---

[1] As discussed more fully in the accompanying Memorandum in Support, there is complete diversity between the parties and the amount in controversy with respect to the claims the Petition seeks to compel to arbitration exceeds $75,000. Therefore, this Court has diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1332, which in turn confers subject matter jurisdiction on this Court to hear and grant the Petition under the FAA. *See* 9 U.S.C. § 4.

For the Court's convenience, a proposed Order granting the requested relief is attached hereto as Exhibit A.

Respectfully submitted this 25th day of August, 2022.

                            ALSTON & BIRD LLP

                    By: */s/ R. Steve Ensor*
                        R. Steve Ensor
                        Georgia Bar No. 249360
                        steve.ensor@alston.com
                        *s/ Alexandra Garrison Barnett*
                        Alexandra Garrison Barnett
                        Georgia Bar No. 498906

                        1201 West Peachtree Street
                        Atlanta, GA 30309-3424
                        (404) 881-7000 telephone
                        (404) 881-7777 facsimile

                        *Attorneys for Petitioner American Family Life Assurance Company of Columbus*